```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

EDWARD L. PRINGLE, # 131257,   *
                                                             *
    Plaintiff,                            *
                                                              *
vs.                                                               *  CIVIL ACTION NO. 20-00294-KD-B
                                                              *
WEXFORD MEDICAL SOURCES, INC., *
*et al.*,                               *
                                                             *
    Defendants.                        *

## ORDER

This action is before the Court on Plaintiff Edward L. Pringle's motion for appointment of counsel (Doc. 19). Pringle requests that the Court appoint counsel for him in this case because his claims have merit, the case is legally and factually complex, expert testimony will be necessary, and he needs the assistance of an attorney to conduct discovery. (Id.).

Under 28 U.S.C. § 1915(e)(1), a district court has broad discretionary authority to appoint counsel for an indigent plaintiff in a civil case. See 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999) (stating that the district court has "broad discretion" in deciding whether to appoint counsel for an indigent plaintiff under 28 U.S.C. § 1915(e)(1)).

As a civil litigant, Pringle has no absolute statutory or constitutional right to counsel. See Sims v. Nguyen, 403 F. App'x 410, 414 (11th Cir. 2010) (per curiam); Bass, 170 F.3d at 1320 ("A plaintiff in a civil case has no constitutional right to counsel."). Appointment of counsel "is a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (citations omitted). The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993).

Pringle has failed to show that the instant case presents circumstances so exceptional as to require the appointment of counsel at this stage. Pringle has set forth the factual allegations underlying his claims in significant detail, and the applicable legal doctrines are straightforward and have been addressed in Defendants' special report. (See Docs. 7, 17). Pringle, like most other litigants, undoubtedly would be aided by the assistance of counsel, but this case does not appear to be so unusual or complex that the appointment of counsel is necessary at

this stage of the proceedings.  Accordingly, Pringle's motion for appointment of counsel (Doc. 19) is **DENIED** at this time.  This order is subject to reconsideration later if the circumstances of the case change.

**DONE** this **22nd** day of **April, 2021.**

                                           **/s/ SONJA F. BIVINS**
                              **UNITED STATES MAGISTRATE JUDGE**